```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF VIRGINIA
                  Newport News Division
```

**MAIN INDUSTRIES, INC.,**

      **Plaintiff,**

    v.                                          **CIVIL NO. 4:23cv51**

**METRO MACHINE CORP.**
**d/b/a GENERAL DYNAMICS NASSCO-NORFOLK,**

      **Defendant.**

## OPINION and ORDER

This matter comes before the court on Plaintiff's Motion to Remand ("Motion"), and the accompanying Memorandum in Support, ECF Nos. 9, 10, each filed on May 12, 2023. On March 7, 2023, Plaintiff filed this action in the Circuit Court for the City of Hampton, Virginia, alleging that Defendant breached a subcontract for vessel repair work, in support of Defendant's prime contract with the United States Navy. See ECF No. 1-2 (Complaint). Defendant removed the action to federal court on April 17, 2023, ECF No. 1 (Notice of Removal), and filed a Motion to Dismiss Plaintiff's claim on April 28, 2023, ECF No. 6. In its Motion, Plaintiff now "respectfully requests that this court remand the case to Hampton Circuit Court" and award reasonable attorneys' fees. ECF No. 9 at 1, 6. For the reasons stated below, Plaintiff's Motion to Remand, ECF No. 9, is **GRANTED**; Plaintiff's request for attorneys' fees is **DENIED**; and Defendant's Motion to Dismiss, ECF No. 6, is **MOOT**.

I.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). On a motion to remand, the burden of establishing federal subject matter jurisdiction remains with the party seeking removal to the federal forum. Strawn v. AT&T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

Federal courts are "obligated to construe removal jurisdiction strictly because of the significant federalism concerns implicated." Palisades Collections LLC v. Shorts, 552 F.3d 327, 334 (4th Cir. 2008) (internal citation omitted); see Shamrock Oil & Gas Corp., 313 U.S. 100, 108-09 (1941). Any doubts about the propriety of removal should be resolved against the federal forum and in favor of remanding to state court. Barbour v. Intern. Union, 640 F.3d 599, 605 (4th Cir. 2011); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc).

II.

The parties' disagreement over the propriety of removal boils down to two issues. First, does the saving-to-suitors clause of 28 U.S.C. § 1331(1) restrict Defendant's ability to remove this case to federal court? Second, does Defendant's alleged forum

2

selection clause waive Plaintiff's invocation of the saving-to-suitors clause? The court will address the two issues, in turn, below.

Overlapping both issues is Plaintiff's objection to the fact that Defendant did not raise several of its arguments in favor of removal until its response to Plaintiff's Motion to Remand. ECF No. 14 at 2 (Plaintiff's Reply). For the reasons stated below, the court finds that, in the least, there are doubts about the propriety of removal and, as a result, remand is necessary. See Barbour, 640 F.3d at 605.

### A. Saving-to-Suitors Clause of Section 1331(1)

Section 1441 of Title 28 of the United States Code provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). In its Notice of Removal, Defendant proposed that "this case is removable under 28 U.S.C. § 1441(a) because this is a civil action in which the District Courts of the United States have been given original jurisdiction under 28 U.S.C. § 1331(1)." ECF No. 1. Section 1331(1) states that "[t]he district courts shall have original jurisdiction . . . of . . . [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331(1) (emphasis added).

3

Here, Defendant contends that "the maritime character" of Plaintiff's claim "is clear" because "the damages sought are for loss of the profits operating a vessel and for sums expended in outfitting the ship." ECF No. 1 at 2 (citing <u>Flota Maritima Browning De Cuba, Sociadad Anonima v. Snobl</u>, 363 F.2d 733, 736-37 (4th Cir. 1966). Plaintiff does not challenge that contention. Thus, in Defendant's view, "the plain language of 28 U.S.C. § 1441 . . . establishes that the court may . . . retain jurisdiction" in this case. ECF No. 13 at 2 (Defendant's Response).

Before proceeding with the parties' arguments regarding remand, it is helpful to first generally discuss the saving-to-suitors clause. As numerous courts have previously identified, "[t]here is some confusion in the case law concerning how the 2011 amendment to § 1441 affects a plaintiff's ability to use the saving-to-suitors clause to prevent a defendant from removing an admiralty claim." <u>Riyanto v. Boeing Co.</u>, No. 21-cv-1475, 2022 WL 16635556, *2 (N.D. Ill. Nov. 2, 2022).

Prior to 2011, it was well-settled that general maritime claims filed in state court under the saving-to-suitors clause of § 1331(1) could *not* be removed to federal court, absent some other basis for federal jurisdiction. See <u>Earls v. Papasideris</u>, 4:22-cv-3554, 2023 WL 3035379, *3 (S.D. Tex. March 17, 2023) (collecting cases); <u>A.E.A. ex rel. Angelopoulos v. Volvo Penta of the Ams.</u>, LLC, 77 F. Supp. 3d 481, 489 (E.D. Va. 2015) (Doumar,

4

J.). The origin of that well-settled understanding was the Supreme Court's decision in Romero, in which the Court "refused to equate maritime jurisdiction and federal question jurisdiction – exhibiting that both grounds are separate jurisdictional foundations." A.E.A., 77 F. Supp. 3d at 487 (citing Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 371-72 (1959). The Court reasoned that, if the maritime character of a claim alone could serve as grounds for removal, "it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters – a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve." Romero, 358 U.S. at 372.

In December 2011, Congress amended the removal statute, 28 U.S.C. § 1441 (2012). Shortly thereafter, beginning in the Southern District of Texas, some courts ruled that the 2011 amendment to § 1441 "altered traditional removal jurisdiction in a manner that [then] permitted the removal of maritime claims to federal court, without needing any independent basis for federal jurisdiction." A.E.A., 77 F. Supp. 3d at 490 (citing Ryan v. Hercules Offshore, Inc., 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013) (Miller, J.)). Under that interpretation, defendants were thus able to remove maritime claims to federal court, even without an alternative form of federal jurisdiction. See id.

5

However, "after percolating for a decade in the district courts," the great weight of authority has since shifted from the now-minority position originally espoused in Ryan. Riyanto, 2022 WL 16635556 at *3. Instead, the current majority position again holds that in personam maritime claims initially filed in state court are not removable "when the plaintiff objects and invokes the saving-to-suitors clause – absent an independent basis for the district court to exercise jurisdiction." Id.; see Langlois v. Kirby Inland Marine, LP, 139 F. Supp. 3d 804, 809 (M.D. La. 2015) (citing the "growing chorus" of more than 40 district court decisions which have now rejected Ryan's interpretation of the effect of the 2011 amendments on the removability of maritime claims).

Indeed, even the judge who issued the Ryan decision has since changed course. See Sanders v. Cambrian Consultants (CC) Am., Inc., 132 F. Supp. 3d 853, 858 (S.D. Tex. 2015) (Miller, J.) ("[T]he amendments to the removal statute do not impact the historical bar on removal of maritime claims filed at law in state court."); Earls, 2023 WL 3035379 at *4. Moreover, judges in this district have now "adopted the majority approach, which holds that these amendments do not make maritime cases removable." Rabenstine v. Nat'l Ass'n of State Boating Law Adm'rs., Inc., No. 4:14cv78, 2015 WL 256533 (E. D. Va. Jan. 20, 2015) (Morgan, J.) (citing A.E.A., 77 F. Supp. 3d 481 (Doumar, J.)).

6

Defendant acknowledges this growing trend away from its position, yet argues that "there is no binding precedent on this court" and proposes that "the Fourth Circuit recently suggested its willingness to adopt the view that the amendments to the statute permit the court to retain jurisdiction over such claims without an independent jurisdictional basis." ECF No. 13 at 2 (citing Mayor and City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 225 (4th Cir. 2022)). Alternatively, in its response to Plaintiff's Motion, Defendant proposes that there is an independent basis for federal jurisdiction in this case: "uniquely federal interests" arising from the fact that "[t]his case implicates the obligations of the United States under its contracts and involves civil liabilities arising out of federal procurement contract relating to national defense." Id. Plaintiff urges the court to rule in line with the majority approach and to summarily reject Defendant's proposal that uniquely federal interests exist in this case, because that argument was not included in Defendant's Notice of Removal, and all grounds for removal "must be stated in the notice of removal or in an amended notice of removal filed within 30 days from service of the complaint," else be waived. ECF No. 14 at 2.

Indeed, the statute governing removal requires that defendants file and serve a notice containing "a short and plain statement of the grounds for removal" within thirty days of a

complaint's service. 28 U.S.C. § 1446(a). While a defendant may amend freely during the 30-day period in which notice of removal must be filed, and may be allowed to correct defective allegations thereafter, a defendant may "not add a new basis for removal jurisdiction." 16 Moore's Federal Practice § 107.30(2)(b) (3d ed. 2012). Accordingly, "[c]ourts in this district have generally adopted a strict construction of the general rule that allegations of jurisdiction imperfectly stated in the original petition for removal may be amended even after expiration of the 30-day removal period, whereas missing allegations may not be supplied nor new allegations furnished." Tincher v. Ins. Co. of State of Penn., 268 F. Supp. 2d 666, 667 (E.D. Va. 2003) (Smith, J.) (citing Richmond, F. & P.R. Co. v. Intermodal Servs., Inc., 508 F. Supp. 804, 805 (E.D. Va. 1981) (Warriner, J.) and Thompson v. Gillen, 491 F. Supp. 24, 27 (E.D. Va. 1980) (Warriner, J.))). As such, district courts in the Fourth Circuit have prevented defendants from bypassing the rule by effectively amending their Notice of Removal through their responses in opposition to motions to remand. See e.g., UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp., 665 F. Supp. 2d 528, 533 (W.D.N.C. 2009) ("A defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal."); Phillips v. BJ's Wholesale Club, Inc., 591 F. Supp. 2d 822 (E.D. Va. 2008) (Smith, J.); Castle v. Laurel Creek Co., Inc., 848 F. Supp. 62, 66 (S.D. W. Va. 1994).

The court now joins in the majority interpretation of the impact of the 2011 amendment to § 1441 on the saving-to-suitors clause: Absent an independent basis for federal jurisdiction, Plaintiff's filing of this action in state court and its subsequent invocation of the saving-to-suitors clause prevents removal. See Riyanto, 2022 WL 16635556 at *3.; A.E.A., 77 F. Supp. 3d at 489. Contrary to Defendant's view, the court does not interpret the Fourth Circuit's dicta in BP P.L.C. as an implication that the Fourth Circuit prefers the minority interpretation of the saving-to-suitors clause. Rather, as Defendants themselves identified, the Fourth Circuit "assumed, without deciding, that the current version of § 1441 allows removal of maritime claims without an independent basis for federal jurisdiction." ECF No. 13 at 11 (emphasis added) (citing BP P.L.C., 31 F.4th at 225). The Fourth Circuit explained that it made such an assumption due to the parties' "inadequate briefing" on the issue. BP P.L.C., 31 F.4th at 227. The court then found that the defendants, in that case, had not met their burden to establish admiralty jurisdiction and, finding no other basis for federal jurisdiction, granted the plaintiff's motion to remand. Id. at 227, 238.

### B. Independent Basis for Jurisdiction

Additionally, the court finds that Defendant has not met its burden in establishing an independent basis for federal jurisdiction. Defendant's argument, presented to the court for the

9

first time in its response in opposition to Plaintiff's Motion to Remand, that uniquely federal interests exist in this case is neither minor nor technical in nature; it is both substantial and material. No amendment to the Notice of Removal has been filed, and the time provided for doing so has passed. See ECF No. 1; 28 U.S.C. § 1446(a). As such, Defendant is procedurally barred from claiming uniquely federal interests as an independent basis for federal jurisdiction. UMLIC, 665 F. Supp. 2d at 533.

However, even if Defendant were not precluded from arguing the existence of uniquely federal interests, the court finds that no such interests are present in this case. Plaintiffs allege that Defendant breached the subcontract between the parties by refusing to pay Plaintiff for performance of work which Plaintiff contents was outside the scope of the subcontract. ECF No. 1-2 at 3. Although the United States Navy is a party to the prime contract, and although Plaintiff's claim relates to unpaid services performed on the USS MITSCHER, "a Navy guided missile destroying warship," which could implicate the United States Navy's obligation to pay an equitable adjustment on the prime contract, the court is unconvinced that these circumstances create uniquely federal interests such to deny state court jurisdiction. ECF No. 13 at 12-13.

In an attempt to establish uniquely federal interests, Defendant primarily relies on Boyle, in which the Supreme Court

10

held that uniquely federal interests existed in a dispute between a government contractor and a private citizen, following the crash of a military helicopter which was manufactured by the contractor. See Boyle v. United Techs. Corp., 487 U.S. 500 (1988). However, Boyle is distinguishable. As the Fourth Circuit later identified, "the precise federal interest identified by the Supreme Court in Boyle [was] the government's ability to make discretionary decisions about military defense." Emory v. McDonnell Douglas Corp., 148 F.3d 347, 352 (4th Cir. 1998) (citing Boyle, 487 U.S. at 511). In Boyle, the plaintiff argued that the government had a "duty to equip helicopters with the sort of escape-hatch mechanism," and its decision not to employ such mechanism established liability. 487 U.S. at 509. In this case, Plaintiff's allegations do not touch the kind of discretionary decisions about military defense that were implicated in Boyle. Here, Plaintiff merely alleges that Defendant is refusing to pay for additional work performed by Plaintiff "at [Defendant's] request and direction," related to "surface preparation, blasting, [and] coatings" which Plaintiff claims was "accepted by both [Defendant] and the Navy." ECF No. 1-2 at 3.

The Court in Boyle also required that some conflict between the identified federal interest and state law exist in order to displace state law. Boyle, 487 U.S. at 507. The Court found such conflict because the plaintiff sought to impose upon the federal

government a duty which was not imposed by the government contract itself. Id. at 508. Here, the facts and circumstances appear closer to those in Miree, in which the Supreme Court held that uniquely federal interests were not present. See Miree v. DeKalb Cnty., Ga., 433 U.S. 25 (1977). The plaintiff in Miree sued the defendant for breach of contract following an airplane crash. See id. The plaintiff's claim implicated the defendant's contract with the Federal Aviation Administration to safely maintain a garbage facility adjacent to the airport. Id. at 27. The Court ultimately found that the litigation "raise[d] no question regarding the liability of the United States or the responsibilities of the United States under the contracts." Id. at 28-29. Further, the Court held that a "uniform national rule" was not "necessary to further the interests of the Federal Government." Id. at 29 (citing Clearfield Trust Co. v. United States, 318 U.S. 363 (1943)). This was so, the Court later explained in Boyle, because the plaintiff was "not seeking to impose . . . a duty contrary to the duty imposed by the Government contract," but, rather, "the contractual duty *itself*." 487 U.S. at 508.

So too here, the court does not find that retaining federal jurisdiction is "necessary to further the interests of the Federal Government." Id. Instead, "we see no reason for concluding that [federal government] operations would be burdened or subjected to uncertainty by variant state-law interpretations," by allowing

12

state law, in state court, to apply to this routine breach of contract action for surface repair work performed on the USS MITSCHER, to which the federal government is not a party. Id. at 30.

In sum, the court finds that Defendant must establish an independent basis for federal jurisdiction in order to remove this maritime action to federal court. Tincher, 268 F. Supp. 2d at 667. Even if Defendant is not procedurally barred from claiming uniquely federal interests in this case, the court concludes that no such interests exist. Miree, 433 U.S. at 29.

### C. Forum Selection Clause

In its response to Plaintiff's Motion to Remand, Defendant contends that "even if the court is inclined to entertain Plaintiff's arguments under the 'saving-to-suitors' clause, Plaintiff has waived any right to seek remand" because Plaintiff "expressly agreed to the 'exclusive' jurisdiction and venue of this court pursuant to the mandatory forum selection clause contained in [Defendant's] terms and conditions incorporated into the subcontract." ECF No. 13 at 1; see Lu Junhong v. Boeing Co., 792 F.3d 805, 818 (7th Cir. 2015) ("If the saving-to-suitors clause allows [the plaintiff] to stay in state court even after the 2011 amendment, they are free to waive or forfeit that right . . . ."). Plaintiff disagrees and claims that (1) Defendant's argument to this effect is procedurally barred because it was not raised in

13

the Notice of Removal; (2) Defendant's alleged forum selection clause was not included in the sub-set of Defendant's general terms and conditions which were accepted by Plaintiff; and (3) Defendant agreed to Plaintiff's own forum selection clause, contained in Plaintiff's proposal, which designated Hampton, Virginia as the venue for any litigation arising from the contract. ECF Nos. 10 at 5; 14 at 8. The court finds that, even if Defendant is not procedurally barred from enforcing its alleged forum selection clause due to its failure to include such basis in its Notice of Removal, see ECF No. 1; Tincher, 268 F. Supp. 2d at 667, doubts remain whether Plaintiff agreed to the alleged forum selection clause, Barbour, 640 F.3d at 605. This conclusion favors granting Plaintiff's Motion to Remand. Strawn, 530 F.3d at 296.

Defendant's general terms and conditions include a provision which states that:

> "Any dispute arising solely in connection with or arising out of this Contract not resolved in accordance with paragraph (b), above, and after the parties have exhausted the informal dispute resolution process, shall be finally settled by litigation in the United States District Court for Virginia."

ECF No. 13 at 61. Defendant argues that Plaintiff agreed to this provision when it accepted Defendant's purchase order. Id. at 7. However, as Plaintiff has asserted, the relevant clause of the purchase order prefaced the applicability of Defendant's terms and conditions with the phrase "REPS-CERTS ONLY" (i.e.,

14

representations and certifications only). See ECF No. 1-2 at 32. Plaintiff submits that Defendant's alleged forum selection clause cannot be interpreted as either a "representation" or a "certification." ECF No. 14 at 9. Thus, Plaintiff contends that the alleged forum selection clause was not included in the sub-set of terms and conditions to which Plaintiff agreed by accepting Defendant's purchase order. Id.

Defendant's general terms and conditions do not designate which clauses are properly characterized as "representations" or "certifications." See ECF No. 13 at 52-73. Further, on its face, the court is unconvinced that a forum selection clause, contained within the "Disputes" section of Defendant's terms and conditions, would be clearly categorized as either a representation or a certification. Additionally, Defendant's forum selection clause, by its own language, is conditioned upon the parties' "exhaust[ion] [of] the informal dispute resolution process," before the clause is triggered. ECF No. 13 at 61. Defendant pleads no facts and makes no argument that the parties have attempted to or have sufficiently exhausted any informal dispute resolution process prior Defendant's Notice of Removal. Therefore, the court remains unconvinced that (1) Plaintiff agreed to the alleged forum selection clause; and (2) that the clause, if included as a term in the subcontract, has been triggered. It is inappropriate for the federal court to litigate such a battle-of-the-forms when the

15

propriety of removal is in doubt. <u>Strawn</u>, 530 F.3d at 296. As a result, remand is necessary. <u>Id.</u>

### III.

Finally, Plaintiff "requests that the court award it the reasonable attorneys' fees incurred as a result of the removal as permitted by 28 U.S.C. § 1447(c)." ECF No. 10 at 6. The Supreme Court has held that the standard for awarding fees under 28 U.S.C. § 1447(c) "should turn on the reasonableness of the removal." <u>Martin v. Franklin Cap. Corp.</u>, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." <u>Id.</u> "The appropriate test for awarding fees under 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter." <u>Id.</u>

Here, the court finds that Defendant did not remove the case in bad faith or in an effort to delay the litigation. Especially considering the conflicting case law regarding the impact of the 2011 amendments to the removal statute on Defendant's ability to remove this case, the court finds that Defendant did not lack an objective, reasonable basis for removal. Accordingly, Plaintiff's request for attorneys' fees is **DENIED**.

IV.

For the reasons stated above, Plaintiff's Motion to Remand, ECF No. 9, is **GRANTED**; and Plaintiff's request for attorneys' fees is **DENIED**. Defendant's Motion to Dismiss, ECF No. 6, is thus **MOOT**. This case is hereby **REMANDED** to the Circuit Court for the City of Hampton, Virginia.

The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/ RBS
**Rebecca Beach Smith**
**Senior United States District Judge**

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

July 26, 2023